UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LACKS ENTERPRISES, INC., AND LACKS HOME PRODUCTS, LLC<br>　　　　Plaintiffs,<br><br>-v-<br><br>HD SUPPLY, INC., AND HOME DEPOT U.S.A., INC.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:15-cv-990<br><br>HONORABLE PAUL L. MALONEY |

**<u>ORDER TRANSFERRING ACTION TO THE EASTERN DISTRICT OF MICHIGAN</u>**

In September 2015, Lacks Enterprises, Inc. and Lacks Home Products, LLC, filed a complaint seeking relief from an alleged breach of a settlement agreement with HD Supply, Inc., and The Home Depot, Inc.[1] (ECF No. 1 at PageID.5.) The original dispute culminating in a settlement agreement was litigated in the Eastern District of Michigan. *See Lacks Enterprises, Inc. and Lacks Home Products, LLC v. HD Supply, Inc., et al.*, No. 2:12-cv-14472 (E.D. Mich. 2013).[2] An order of dismissal with prejudice was entered—"subject to the terms of the January 1, 2013 Settlement Agreement entered into between the Parties." (*Id.* at ECF No. 38.) [3]

The Court, after reviewing the pleadings, questioned why this action was not brought in the same court that previously handled the patent infringement dispute and entered an order of dismissal citing the settlement agreement.[4] The Court ordered both parties to show cause why the

---

[1] Home Depot U.S.A., Inc. was subsequently substituted in the place of The Home Depot, Inc. (*See* ECF No. 25.)
[2] The complaint has since been amended to include a patent infringement claim, which was the subject of the original action. (*See* ECF No. 31.)
[3] The Court recognizes that the original presiding Court does not necessarily retain inherent ancillary jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).
[4] Pursuant to the Local Rules of both the Western and Eastern Districts of Michigan, if this follow-up action would have been brought in the same district as the original action, it would almost assuredly have been reassigned to the same judge who presided over the original suit culminating in a settlement agreement. This is particularly true with patent infringement actions. *See, e.g.,* W.D. Mich. LCivR 3.3.1(d), 3.3.2; E.D. Mich. LCivR 83.11(b).

1

case should not be transferred pursuant to 28 U.S.C. § 1404, in the "interests of justice" and "judicial economy." (*See* ECF No. 30.)

Both parties filed responses and noted that while venue was proper in the Western District of Michigan, neither party opposed a transfer to the Eastern District. (ECF No. 33 at PageID.334 ("[D]efendants do not oppose a transfer to the Eastern District of Michigan . . . ."); ECF No. 34 at PageID.346 ("Plaintiffs do not object to the transfer of this matter to the Eastern District of Michigan.")); *cf.* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district . . . to any district or division to which all parties have consented.").

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Although it is usually one of the parties that moves to transfer the action under 28 U.S.C. § 1404(a), the court may order transfer *sua sponte* provided the parties are first given the opportunity to argue their views on the issue." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 393 (E.D. Mich. 1982) (transferring a case from the Eastern District to the Western District of Michigan after raising the issue *sua sponte*); *see, e.g., Starnes v. McGuire*, 512 F.2d 918, 933–34 (D.C. Cir. 1974) (en banc); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

"Transfer is appropriate under § 1404(a) where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice." *Amoco Oil Co. v. Mobil Oil Co.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986)). Generally, courts in the Sixth Circuit weigh several factors. *See, e.g., Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009);

*see also, e.g., Amoco Oil Co.*, 90 F. Supp. 2d at 959 (citing *Coffey*, 796 F.2d at 219) ("It is in the sound discretion of the trial judge to determine the weight accorded to each factor.").

"As the permissive language of the statute suggests, district courts have 'broad discretion' to determine when party 'convenience' *or* 'the interests of justice' make a transfer appropriate. Only when the district court 'clearly abuse[s] its discretion' in balancing these factors will we reverse." *Reese*, 574 F.3d at 320 (emphasis added) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

The Federal Circuit has observed that transfers under 28 U.S.C. § 1404 may be particularly appropriate in patent infringement actions. Indeed, "in a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues"; and "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, *even if* the convenience of the parties and witnesses might call for a different result."[5] *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (emphasis added) (citing *Coffey*, 796 F.2d at 220–21).

Thus, the Court **TRANSFERS** this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Date:   March 8, 2016             /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge

---

[5] The Court recognizes that, for example, "the convenience of the parties and witnesses" may not favor one district over the other here. To the extent those factors mattered in the original suit, Plaintiff chose to file in the Eastern District of Michigan. The calculus does not differ here.